**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Tiffany Lashune Skinner, | ) | CASE NO: 23-01631-JAW |
| | ) | |
| | ) | |
| Debtor(s). | ) | Chapter 13 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT**
**TO 11 U.S.C. § 362 FILED BY CREDIT ACCEPTANCE CORP.**

Credit Acceptance Corp. ("MOVANT"), a secured creditor herein, and moves the Court, pursuant to 11 U.S.C. § 362(d), Federal Rules of Bankruptcy Procedure 4001(a)(1) and 9014, for entry of an order granting it relief from the automatic stay, and as grounds therefore, shows as follows:

**I.      PRELIMINARY STATEMENT OF RELIEF REQUESTED**

1. On July 17, 2023, Tiffany Lashune Skinner (the "Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "Petition Date").

2. This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§ 157, 1334, and 11 U.S.C. § 1324.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

3. MOVANT is a secured creditor of the Debtor as evidenced by that certain Retail Installment Contract dated January 30, 2023, which has been assigned to MOVANT (the "Note"). The Note was secured by a 2014 Jeep Compass, bearing Vehicle Identification Number 1C4NJCEA1ED823235 (the "Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. MOVANT has a perfected security interest in the Collateral, as noted on the face of the Certificate of Title for the Collateral (the "Certificate of Title"). A true and correct copy of the Certificate of Title is attached hereto as **Exhibit "B."**

5. Movant has a 910 claim related to the Collateral in the amount of $15,181.59, filed in this matter as Claim 3-1 (Movant's Claim).

6. Debtor's Chapter 13 Plan was confirmed on October 23, 2023, paying Movant's Claim with 7.00%.

7. As of October 3, 2025, the account was past due for August 2024 through September 2025 in the amount of $6,246.06.

8. Debtor filed a Motion to Modify Confirmed Plan on July 11, 2025, seeking to surrender the Collateral (D.E. 48). The Court granted said Motion via Order dated August 15, 2025 (D.E. 53).

9. The net payoff of the Collateral, as of October 3, 2025, was $16,297.37.

10. The value of the Collateral is $7,300.00, according to the J.D. Power Vehicle Information attached hereto as "**Exhibit C."**

11. As such, MOVANT seeks an Order lifting the automatic stay specifically related to the Collateral.

### III. BASIS FOR RELIEF

12. Based upon the Debtor's default under the terms of the Note and surrender, MOVANT seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d) in order to pursue its rights and remedies under state law, including but not limited to: its right foreclose its security interest in the Collateral.

13. Section 362(d) sets forth the standards for determining whether relief from stay is appropriate. *See* 11 U.S.C. § 362(d). Section 362(d) states:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>   (A) the debtor does not have an equity in such property; and
>   (B) such property is not necessary to an effective reorganization. . ..

*See id.*

14. MOVANT has not received, and the Debtor has not agreed to provide, any further adequate protection of MOVANT's interest in the Collateral. Therefore, MOVANT is not adequately protected with respect to the Collateral.

15. Furthermore, the Debtor is not making required payments to MOVANT, and MOVANT's interest would be irreparably harmed absent relief from stay.

16. MOVANT requests that the order granting relief from stay be effective and enforceable immediately upon entry, and any stay of orders provided for in FED. R. BANKR. P. 4001(a)(3) and/or any other provision of the Bankruptcy Code or FEDERAL RULES OF BANKRUPTCY PROCEDURE shall not apply.

WHEREFORE, Credit Acceptance Corp. respectfully requests that the Court enter an order granting this motion and lifting the automatic stay to permit MOVANT to enforce its security interests in the Collateral pursuant to applicable non-bankruptcy law to which MOVANT is entitled post-petition, and for such other and further relief as the Court may deem just and proper.

4

Dated this 8th day of October 2025.

        */s/ Christopher D. Meyer*
        Christopher D. Meyer, Esq. (MS No. 103467)
        BURR & FORMAN LLP
        The Pinnacle at Jackson Place
        190 E Capitol Street, Suite M-100
        Jackson, MS 39201
        Telephone: (601) 355-3434
        Facsimile: (601) 355-5150
        cmeyer@burr.com
        *Attorney for Credit Acceptance Corp.*

# CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a copy of the foregoing has been served on this 8th day of October 2025 either by electronic transmission or by United States first class mail postage prepaid to the following:

**DEBTOR:**    Tiffany Lashune Skinner
15162 MS-15 Apt. A104
Decatur, MS 39327

**DEBTOR'S ATTORNEY:**    Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236

**TRUSTEE:**    Harold J. Barkley, Jr.
P.O. Box 4476
Jackson, MS 39296-4476

**US. TRUSTEE:**    United States Trustee
501 East Court Street
Suite 6-430
Jackson, MS 3920

           */s/Christopher D. Meyer*
           COUNSEL

63082355 v1